## In re KUFFLER.

### (District Court, S. D. New York. October 20, 1899.)

BANKRUPTCY—TRUSTEE—APPOINTMENT BY REFEREE.

Where the creditors of a bankrupt are unable to elect a trustee, no sufficient majority agreeing upon any candidate, after two sessions held at the office of the referee for that purpose on successive days, and there appears to be immediate need of a trustee, it is within the authority of the referee to make the appointment; and an appointment so made will not be vacated by the judge if the person chosen is competent, impartial, and otherwise suitable.

In Bankruptcy. On motion of certain creditors of the bankrupt to vacate an appointment of a trustee of his estate made by the referee in bankruptcy.

Benj. Tuska and Horwitz & Samuels, for petitioning creditors.
G. W. Wingate, for trustee.

BROWN, District Judge. I am not inclined to interfere with the appointment made by the referee of Mr. Hodgskin as trustee in the above case. It is not claimed that he is not a perfectly competent and impartial person, able to administer properly the affairs of the estate. The creditors object that he was not their choice. But before his appointment the creditors could not agree, and different groups were maneuvering and wrangling to secure the election of their respective favorites. The first session at the referee's office, from 10:30 to 4:30, was without result, and on the adjourned day when called on to proceed with the election, they were not agreed and were still divided. There was apparent need of a trustee at once. The judge had directed several days before that the referee should appoint a trustee unless a suitable trustee were elected by the creditors. I think abundant opportunity was furnished the creditors to proceed with the election. I shall not countenance or support any abridgment of the right given by the act to creditors to elect a trustee, though by the act this trustee must be a suitable person who can be approved by the referee or by the judge. But the creditors have no right to use the office of the referee or his time in protracted maneuvers in behalf of their special favorites. Such work should be done elsewhere. Nor can the court regard with any complacency the efforts of creditors to secure a particular trustee for merely personal objects.

The motion is denied.